Kenneth Whelan and Kathy Whelan
118 19th St.,
Huntington Beach CA 92648
Defendants, In Pro Per

FILED
CLERK, U.S. DISTRICT COURT
6/22/2021
CENTRAL DISTRICT OF CALIFORNIA
BY: eva DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

Brian Cross,

Plaintiff,

vs.

Kenneth Whelan and Kathy Whelan, et al.,

Defendants

NO. **8:21-cv-01083 JLS (KESx)**

Orange County Superior Court
Central Justice Center District
Case #30-2021-01196267-CU-UD-CJC

NOTICE OF REMOVAL
[28 USC 1441,1446(d)]
[Calif. CCP 430.90]

Defendants Kenneth Whelan and Kathy Whelan allege:

**Parties and Counsel**

1. Defendants Kenneth Whelan and Kathy Whelan and Plaintiff Brian Cross are those parties in a California State Court case filed in the Central Justice Center Courthouse, in Orange County, California, concerning real property located at 118 19th St., Huntington Beach CA 92646 [hereafter "premises"], within this court's jurisdiction. All defendants consent to removal. (*Proctor v. Vishay Intertechnology Inc.,* 584 F.3d 1208, 1225 (9th Cir. 2009).)

2. Defendants are the residential tenants of Plaintiff in the premises.

3. Defendants are informed and believe that Plaintiff owns the premises subject to a federally backed mortgage loan, who has been granted forbearance, such that under Section 4023(d) of the CARES Act ["Renter protections during forbearance period"], federal law precludes Plaintiff

from filing this action for nonpayment, and giving less than 30 days' notice of termination prior to expiration of the forbearance period, which has yet to occur; or in the alternative, Defendants are informed and believe that Plaintiff owns the premises subject to a federally backed mortgage loan, the Violence Against Women Act of 1994, and/or the rural housing voucher program of the Housing Act of 1949 (§542), who has been granted forbearance, such that under Section 4024(b)] of the CARES Act ["Moratorium"], federal law prohibits filing an eviction action for nonpayment, serving less than a 30-day notice of termination or any sooner than expiration of the forbearance period, which has yet to occur.

4. Plaintiff is represented by local counsel in the State Court action, Shelley Crawford, Kimball, Tirey & St. John LLP.

**Federal Question**

5. Plaintiff has actually filed a Federal Question action in State Court, for which the State Court action is removed under 28 U.S.C. 1441 *et seq*. and *Hunter v. Philip Morris USA,* 582 F.3d 1039, 1042 (9th Cir.2009); 28 USC 1331.

6. The CARES Act enacted January 3, 2020, *preempts* State law as to tenants of landlords who enjoy the forbearance agreement, as to their ability to evict a tenant in violation of the CARES Act. *[Florida Lime & Avocado Growers, Inc. v. Paul*, 373 U.S. 132, 142-43 (1963) (concept of limited preemption)]:

a. The cause of action for such a landlord requires allegations of compliance with the CARES Act as to the expiration of the Forbearance period, service of at least 30 days' notice of termination, and compliance with the moratorium period, in addition to the other prima facie allegations.

b.Whereas under California law, a landlord who has obtained a forbearance agreement to postpone his mortgage payments could still evict the tenants, even though prohibited by the CARES Act.

c. Whereas under California law, a mere 3-day notice to pay or quit is sufficient, despite the CARES Act 30-day notice requirement, even for nonpayment of rent or other charges.

d. The cause of action for evicting a tenant framed by the CARES Act is for ejectment

under federal law, due to this change in the law.

7. The Complaint in this action was filed in State Court as artful pleading, entitled by the State Court as Unlawful Detainer, the State Court name, but alleging the right to possession under only California law.

8. The 3-day Notice to Pay or Quit upon which the Complaint is based fails to satisfy the CARES Act requirements, and must be resolved in federal court.

9. A well-pleaded complaint is shown at least where the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Armstrong v. N. Mariana Islands,* 576 F.3d 950, 954-55 (9th Cir.2009); *Empire Healthcare Assurance v. McVeigh* 547 US 677, 689-690 (2006); *Franchise Tax Bd. v. Const. Laborers Vacatoin Trust for S. Cal.*463 US 1, 12, 27-28 (1983). Here, the Complaint must be based upon the CARES Act, but it was brought in State court, and misnamed "unlawful detainer."

10. Even where the cause of action is based on state law, the district court has subject matter jurisdiction over the case if (1) the federal issues are essential to the claims, (2) there is a substantial federal interest in resolving such issues, and (3) a federal forum may entertain the state law claims without disturbing the balance of federal and state judicial responsibilities. *Grable & Sons Metal Prods v. Darue Eng.r & Mfg*. 545 US 308, 313, 315 (2005).

11. Here, the CARES Act is essential to the right of possession, Congress passed it to express its substantial interest in such issues, and the "balance" of judicial responsibilities will not be disturbed. Petitioner's rights to possession require application of the CARES Act , because California law is now superceded by the CARES Act..

12. Stripped of the artful pleading [*Arco Envtl. Remediation LLC v. Dept of Health and Envtl Quality* 213 Fed 3d 1108, 1114 (9th, 2000)], the Complaint attempts to state a cause of action in ejectment, and cannot state a federal cause of action. The CARES Act is that substantial question of law. The Plaintiff cannot defeat removal by omitting necessary federal questions in the Complaint.

13. To be a federal cause of action, there must also be a private right of action. *Merrill Dow Pharms. Inv v. Thompson* 478 US 804, 817 (1986). It can be either express or implicit. *Diaz v. Davis* 549 Fed 3d 1223, 1229-1230 (9th Cir. 2008). The Court must look to the "rights creating"

language and statutory structure within which it is contained. *Lamie v. United States Trustee* 540 US 526, 534 (2004). The Court must assume that Congress did not intend to create a right without a remedy. *First Pacific Bancorp, Inc. v. Helfer*, 224 F.3d 1117, 1123,1125-26 (9th Cir. 2000).

14. The four criteria of *Cort v. Ash* 422 US 66 (1975) are satisfied:

a. Defendants Kenneth Whelan and Kathy Whelan are part of the protected class for whom the statute, the CARES Act, was created

b. The rights-creating language of the CARES Act, its context, and the legislative history. *Opera Plaza Residential Parcel Homeowners Assn. v. Hoang* 376 Fed. 3d 831, 836 (2004, 9th Cir) are underscored by

i. the language of the CARES Act , particularly §4023(d)9 and 4024(b)

ii. the lack of any other specified enforcement mechanism [*First Pacific Bancorp Inc v. Helfer* 224 Fed 3d 1117m 1123 (2000, 9th Cir.); *Williams v. United Airlines, Inc.* 500 Fed 3d, 1019, 1024 (9th, 2007)], and

iii. the legislative history, particularly the COVID pandemic and its impact on the entire national economy with the intent to protect tenants and homeowners from ouster..

c. The cause of action is consistent with the underlying purpose of the law: balancing the rights of the parties.

d. The "traditional status" of evictions as a State cause of action is the weakest of the criteria [*First Pacific Bancorp, Inc. v. Helfer*, 224 F.3d 1117, 1127 (9th Cir. 2000)], particularly where here, as in Civil Rights legislation, Congress intended to occupy the field and break tradition, with a bold new law intended to protect tenants whose landlords enjoyed the benefits of the mortgage forbearance while failing to fulfill the concomitant obligation not to evict the tenants for whose benefit the forbearance was intended, under the Supremacy Clause.

15. The CARES Act is <u>not</u> a defense, but the <u>entire basis</u> for the action to eject a residential tenant who was unable to pay rent due to the COVID dangers and the governmental restrictions of business closures and staying home. Plaintiff must prove his entitlement to possession under the CARES Act, as to the timing, purpose and procedure established by Congress. Plaintiff cannot state a cause of action to evict such a tenant without framing the prima facie case in the

language of the CARES Act. The notice purports to comply with California law, but has in fact patently violated the CARES Act. Under the CARES Act, Plaintiff would be unable to evict any such tenant.

16. The federal cause of action in ejectment is the basis for this action, irrespective of artful pleading, such that this action could have been brought in federal court.

**Removed Action**

17. A true and correct copy of the State Court Complaint of the action sought to be removed to this Court, along with other case documents, are attached and incorporated by reference.

18. Defendants Kenneth Whelan and Kathy Whelan are entitled to the protection of the CARES Act , and entitled to remove this action to Federal Court.

19. Under California Code of Civil Procedure §430.90, the State trial court hereby loses jurisdiction under the Federal Rules of Civil Procedure and does not recover jurisdiction, if at all, until and unless this action is remanded to the State Court, after which jurisdiction will again attach as described in that statute.

DATED: June 21, 2021

Defendants Kenneth Whelan and Kathy Whelan,
in pro se

30-2021-01196267-CU-UD-CJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk.

UD-101

| ATTORNEY OR PARTY WITHOUT ATTORNEY STATE BAR NUMBER: | FOR COURT USE ONLY |
|---|---|
| NAME: Shelley M. Crawford #219957<br>FIRM NAME: Kimball, Tirey & St. John LLP<br>STREET ADDRESS: 2040 Main Street, Suite 500<br>CITY: Irvine STATE: CA ZIP CODE: 92614<br>TELEPHONE NO.: (949) 476-5585 FAX NO.: (949) 476-5580<br>E-MAIL ADDRESS: OCefiling@kts-law.com<br>ATTORNEY FOR (name): Plaintiff | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: SANTA ANA, CA 92701<br>BRANCH NAME: CENTRAL JUSTICE CENTER | |
| PLAINTIFF: Brian Cross<br>DEFENDANT: Kenneth Whelan; Kathy Whelan; AND DOES 1 TO 10 INCLUSIVE | |
| **PLAINTIFF'S MANDATORY COVER SHEET AND SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER** | CASE NUMBER: 30-2021-01196267-CU-UD-CJC<br>Assigned for All Purposes<br>Judge Carmen Luege |

For action filed *(check one)*: ☐ before October 5, 2020 ☒ on October 5, 2020, or later

*A plaintiff filing a complaint for unlawful detainer, or requesting any court action in an unlawful detainer proceeding filed before October 5, 2020, must complete all sections of this form applicable to the action. Filing this form complies with the requirement in Code of Civil Procedure section 1179.01.5(c).*

- *Serve this form with the summons.*
- *If a summons has already been served, then serve by mail or any other means of service authorized by law.*
- *If defendant has already answered, there is no requirement for defendant to respond to the supplemental allegations before trial.*

*Before obtaining a judgment in an unlawful detainer action for nonpayment of rent on a residential property, a plaintiff will be required to verify that no rental assistance or other financial compensation has been received for the amount in the notice demanding payment or accruing afterward, and no application is pending for such assistance. For a default judgment, plaintiff must use* Verification by Landlord Regarding Rental Assistance *(form UD-120) to make this verification.*

1. PLAINTIFF *(name each)*:
Brian Cross

alleges causes of action in the complaint filed in this action against DEFENDANT *(name each)*:
Kenneth Whelan; Kathy Whelan; AND DOES 1 TO 10 INCLUSIVE

2. **Statutory cover sheet allegations** (Code Civ. Proc., § 1179.01.5(c))
   a. This action seeks possession of real property that is *(check all that apply)*: ☒ Residential ☐ Commercial
   *(If "residential" is checked, complete items 3 and 4 and all remaining items that apply to this action. If only "commercial" is checked, no further items need to be completed except the signature and verification.)*
   b. This action is based, in whole or in part, on an alleged default payment of rent or other charges. ☒ Yes ☐ No

3. **Tenants subject to COVID-19 Tenant Relief Act** (Code Civ. Proc., § 1179.02(h))
   a. (1) One or more defendants in this action is a natural person: ☒ Yes ☐ No
   (2) Identify any defendant not a natural person:
   *(If no is checked, then no further items need to be completed except the signature and verification.)*
   b. (1) All defendants named in this action maintain occupancy as described in Civil Code section 1940(b). ☐ Yes ☒ No
   (2) Identify any defendant who does not: Kenneth Whelan; Kathy Whelan
   *(If yes is checked, then no further items need to be completed except the signature and verification.)*

Page 1 of 4

Form Adopted for Mandatory Use
Judicial Council of California
UD-101 [Rev. February 16, 2021]

PLAINTIFF'S MANDATORY COVER SHEET AND SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER

Code of Civil Procedure, § 1179.01 et seq.
www.courts.ca.gov

21-3204347

CEB Essential Forms
ceb.com

UD-101

| PLAINTIFF: Brian Cross<br>DEFENDANT: Kenneth Whelan; Kathy Whelan | CASE NUMBER: |
|---|---|

4. **Federal law allegations**
   a. Defendant ☐ has ☒ has not provided a statement under penalty of perjury for the Centers for Disease Control and Prevention's order for *Temporary Halt in Evictions to Prevent Further Spread of COVID-19* (85 Federal Register 55292) or its extension. *(Note to plaintiff: Proceeding in violation of the federal order may result in civil or criminal penalties.)*
   b. This action ☐ does ☒ does not seek possession of a dwelling unit in property that has a federally backed multifamily mortgage for which forbearance has been granted under title 15 United States Code section 9057.
      (1) Date forbearance began
      (2) Date forbearance ended

5. ☐ **Unlawful detainer notice expired before March 1, 2020**
   The unlawful detainer complaint in this action is based solely on a notice to quit, to pay or quit, or to perform covenants or quit, in which the time period specified in the notice expired before March 1, 2020. *(If this is the only basis for the action, no further items need to be completed except the signature and verification on page 4. (Code Civ. Proc., § 1179.03.5(a)(1).))*

6. ☐ **Rent or other financial obligations due between March 1, 2020, and August 31, 2020 (protected time period)**
   The unlawful detainer complaint in this action is based, at least in part, on a demand for payment of rent or other financial obligations due in the protected time period. *(Check all that apply.)*
   a. ☐ Defendant *(name each):*

   was served the "Notice from the State of California" required by Code of Civil Procedure section 1179.04, and if more than one defendant, on the same date and in the same manner. *(Provide information regarding service of this notice in item 8 below.)*
   b. ☐ One or more defendants was served with the notice in item 6a on a different date or in a different manner, which service is described in attachment 8c.
   c. ☐ Defendant *(name each):*

   was served with at least 15 days' notice to pay rent or other financial obligations, quit, or deliver a declaration, and an unsigned declaration of COVID-19–related financial distress, in the form and with the content required in Code of Civil Procedure section 1179.03(b) and (d).
   *(If the notice identified defendant as a* ***high-income tenant*** *and requested submission of documentation supporting any declaration the defendant submits, complete item 9 below. (Code Civ. Proc., § 1179.02.5(c).))*

   *(If filing form UD-100 with this form and item 6c is checked, specify this 15-day notice in item 9a(7) on form UD-100, attach a copy of the notice to that complaint form, and provide all requested information about service on that form.)*
   d. Response to notice *(check all that apply):*
      (1) ☐ Defendant *(name each):*

      delivered a declaration of COVID-19–related financial distress on landlord in the time required. (Code Civ. Proc., § 1179.03(f).)
      (2) ☐ Defendant *(name each):*

      did *not* deliver a declaration of COVID-19–related financial distress on landlord in the time required. (Code Civ. Proc., § 1179.03(f).)

7. ☒ **Rent or other financial obligations due between September 1, 2020, and June 30, 2021 (the transition time period)**
   The unlawful detainer complaint in this action is based, at least in part, on a demand for payment of rent or other financial obligations due during the transition time period.
   a. ☒ Defendant *(name each):*
   Kenneth Whelan; Kathy Whelan

   was served the "Notice from the State of California" required by Code of Civil Procedure section 1179.04, and if more than one defendant, on the same date and in the same manner. *(Provide information regarding service of this notice in item 8 below.)*

| PLAINTIFF: Brian Cross<br>DEFENDANT: Kenneth Whelan; Kathy Whelan | CASE NUMBER: |
|---|---|

7. b. ☐ One or more defendants was served with the notice in item 7a on a different date or in a different manner, which service is described in attachment 8c.

c. ☒ Defendant *(name each):*
Kenneth Whelan; Kathy Whelan

was served with at least 15 days' notice to pay rent or other financial obligations, quit, or deliver a declaration, and an unsigned declaration of COVID-19-related financial distress, in the form and with the content required in Code of Civil Procedure section 1179.03(c) and (d).

*(If the notice identified defendant as a **high-income tenant** and requested submission of documentation supporting any declaration the defendant submits, complete item 9 below. (Code Civ. Proc., § 1179.02.5(c).))*

*(If filing form UD-100 with this form and item 8c is checked, specify this 15-day notice in item 9a(7) on form UD-100, attach a copy of the notice to that complaint form, and provide all requested information about service on that form.)*

d. Response to notice *(check all that apply):*
(1) ☐ Defendant *(name each):*

delivered a declaration of COVID-19–related financial distress on the landlord in the time required. (Code Civ. Proc., § 1179.03(f).)

(2) ☒ Defendant *(name each):*
Kenneth Whelan; Kathy Whelan

did *not* deliver a declaration of COVID-19–related financial distress on the landlord in the time required. (Code Civ. Proc., § 1179.03(f).)

e. ☐ Rent due *(complete only if action filed after June 30, 2021):*
(1) Rent in the amount of $ was due between September 1, 2020 and June 30, 2021.
(2) Payment of $ for that period was received by June 30, 2021.

8. **Service of Code of Civil Procedure Section 1179.04 Notice From the State of California** *(check all that apply)*

a. ☒ The notice identified in item 6a and 7a was served on the defendant named in those items as follows:
(1) ☐ By personally handing a copy to defendant on *(date):*
(2) ☐ By leaving a copy with *(name or description):*
a person of suitable age and discretion, on *(date):* at defendant's
☐ residence ☐ business AND mailing a copy to defendant at defendant's place of residence.
(3) ☐ By posting a copy on the premises on *(date):*
☐ AND giving a copy to a person found residing at the premises AND mailing a copy to defendant at the premises on *(date):*
(a) ☐ because defendant's residence and usual place of business cannot be ascertained OR
(b) ☐ because no person of suitable age or discretion can be found there.
(4) ☒ By sending a copy by mail addressed to the defendant on *(date):*

b. ☐ *(Name):*
was served on behalf of all defendants who signed a joint written rental agreement.

c. ☐ Information about service of notice on the defendants alleged in items 6b and 7b is stated in Attachment 8c.

d. ☐ Proof of service of the notice or notices in items 6a, 6b, 7a, and 7b is attached to this form and labeled Exhibit 1.

9. ☐ **High-income tenant.** The 15-day notice in item 6c or 7c above identified defendant as a high-income tenant and requested submission of documentation supporting the tenant's claim that tenant had suffered COVID-19–related financial distress. Plaintiff had proof before serving that notice that the tenant has an annual income that is at least 130 percent of the median income for the county the rental property is located in and not less than $100,000. (Code Civ. Proc., § 1179.02.5.)

a. ☐ The tenant did not deliver a declaration of COVID-19–related financial distress within the required time. (Code Civ. Proc., § 1179.03(f).)

b. ☐ The tenant did not deliver documentation within the required time supporting that the tenant had suffered COVID-19–related financial distress as asserted in the declaration. (Code Civ. Proc., § 1179.02.5(c).)

UD-101

| PLAINTIFF: Brian Cross<br>DEFENDANT: Kenneth Whelan; Kathy Whelan | CASE NUMBER: |
|---|---|

10. [X] **Just cause eviction.** *(Only applicable if action is filed before July 1, 2021. Note: If the tenancy is subject to the Tenant Protection Act (including Civil Code section 1946.2), plaintiff must, if using form UD-100, complete item 8 on that form in addition to this item.)*

a. [X] The tenancy identified in the unlawful detainer complaint in this action was terminated for at-fault just cause as defined in Civil Code section 1946.2(b)(1), which reason is in the notice of termination. (Code Civ. Proc., § 1179.03.5(a)(3)(A)(i).)

b. [ ] The tenancy identified in the unlawful detainer complaint in this action was terminated for no-fault just cause as defined in Civil Code section 1946.2(b)(2), which reason is in the notice of termination. (Code Civ. Proc., § 1179.03.5(a)(3)(A)(ii).) *(Complete (1) or (2) below, only if applicable.)*

(1) [ ] The no-fault just cause is the intent to demolish or substantially remodel, which [ ] is [ ] is not necessary to comply with codes, statutes, or regulations relating to the habitability of the rental units. (Code Civ. Proc., § 1179.03.5(a)(3)(A)(ii).)

(2) [ ] The tenancy identified in the complaint in this action was terminated because the owner of the property has entered into a contract with a buyer who intends to occupy the property and the property [ ] does [ ] does not meet all the requirements of Civil Code section 1946.2(e)(8). (Code Civ. Proc., § 1179.03.5(a)(3)(A)(ii)(II).)

c. [ ] This action is based solely on the cause of termination checked in item 10a or b above, and is not for nonpayment of rent or other financial obligations. *(If this item applies, plaintiff may not recover any rental debt due from the period between March 1, 2020, and June 30, 2021, as part of the damages in this action.* (Code Civ. Proc., § 1179.03.5(a)(3)(B).))

11. [ ] **Rent or other financial obligations due after June 30, 2021.** *(Only applicable if action is filed on or after July 1, 2021.)* The only demand for rent or other financial obligations on which the unlawful detainer complaint in this action is based is a demand for payment of rent due after June 30, 2021.

12. [X] Number of pages attached *(specify)*: See Attached

Date: 04/14/2021

Shelley M. Crawford, Bar #219957 ▶ /s/ Shelley M. Crawford

(TYPE OR PRINT NAME) (SIGNATURE OF PLAINTIFF OR ATTORNEY)

**VERIFICATION**

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: ____________

____________ ▶ ____________

(TYPE OR PRINT NAME) (SIGNATURE)

**VERIFICATION**

I, Catherine Yukee, declare that:

That I am the Agent for Brian Cross, the Plaintiff in this action, and am authorized to make this Verification for and on its behalf. I am making this Verification for the Plaintiff because I am the person with the most personal knowledge of the facts contained in this Mandatory Cover Sheet and Supplemental Allegations.

I have read the contents of the foregoing Mandatory Cover Sheet and Supplemental Allegations and the same is true of my own knowledge, except as to those matters stated on information and belief, and as to those, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 16th of April 2021, at Costa Mesa California.

Authorized Agent for Plaintiff

Electronically Filed by Superior Court of California, County of Orange, 04/19/2021 11:58:28 AM.
30-2021-01196267-CU-UD-CJC - ROA # 5 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk.

# SUMMONS
## *(CITACIÓN JUDICIAL)*
## UNLAWFUL DETAINER-EVICTION
## *(RETENCIÓN ILÍCITA DE UN INMUEBLE-DESALOJO)*

SUM-130

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
Kenneth Whelan; Kathy Whelan; AND DOES 1 TO 10 INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
Brian Cross

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 5 days. You have 5 DAYS, not counting Saturdays and Sundays and other judicial holidays, after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.

A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courts.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services website (*www.lawhelpca.org*), the California Courts Online Self-Help Center (*www.courts.ca.gov/selfhelp*), or by contacting your local court or county bar association.

*¡AVISO! Usted ha sido demandado. Si no responde dentro de 5 días, el tribunal puede emitir un fallo en su contra sin una audiencia. Una vez que le entreguen esta citación y papeles legales, solo tiene 5 DÍAS, sin contar sábado y domingo y otros días feriados del tribunal, para presentar una respuesta por escrito en este tribunal y hacer que se entregue una copia al demandante.*

*Una carta o una llamada telefónica no lo protege. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no presenta su respuesta a tiempo, puede perder el caso por falta de comparecencia y se le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados local.*

FEE WAIVER: If you cannot pay the filing fee, ask the clerk for a fee waiver form. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***EXENCIÓN DE CUOTAS:** Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. **AVISO:** Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos con un gravamen sobre cualquier cantidad de $10,000 ó más recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desestimar el caso.*

1. The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE, CENTRAL JUSTICE CENTER
700 CIVIC CENTER DRIVE WEST
SANTA ANA, CA 92701

CASE NUMBER *(número del caso):*
30-2021-01196267-CU-UD-CJC Judge Carmen Luege

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kimball, Tirey & St. John LLP
2040 Main Street, Suite 500
Irvine, CA 92614
Shelley M. Crawford #219957
(949) 476-5585

21-3204347

SUM-130

| PLAINTIFF (*Name*): Brian Cross | CASE NUMBER: 30-2021-01196267-CU-UD-CJC |
|---|---|
| DEFENDANT (*Name*): Kenneth Whelan; Kathy Whelan | |

3. *(Must be answered in all cases)* An **unlawful detainer assistant (Bus. & Prof. Code, §§ 6400-6415)** [X] did not [ ] did for compensation give advice or assistance with this form. ***(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 6 on the next page.)***

4. **Unlawful detainer assistant** *(complete if plaintiff has received any help or advice for pay from an unlawful detainer assistant)*:
   a. Assistant's name:
   b. Telephone no.:
   c. Street address, city, and zip:

   d. County of registration:
   e. Registration no.:
   f. Registration expires on *(date)*:

Date: 04/19/2021 DAVID H. YAMASAKI, Clerk of the Court Clerk, by Katie Trent Katie Trent, Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario* Proof of Service of Summons, *(form POS-010)).*

[SEAL: SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE]

5. **NOTICE TO THE PERSON SERVED:** You are served
   a. [X] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify)*:
   c. [ ] as an occupant.
   d. [ ] on behalf of *(specify)*:
      under: [ ] CCP 416.10 (corporation). [ ] CCP 416.60 (minor).
      [ ] CCP 416.20 (defunct corporation). [ ] CCP 416.70 (conservatee).
      [ ] CCP 416.40 (association or partnership). [ ] CCP 416.90 (authorized person).
      [ ] CCP 415.46 (occupant). [ ] other *(specify)*:
   e. [ ] by personal delivery on *(date)*:

Electronically Filed by Superior Court of California, County of Orange, 04/19/2021 11:58:33 AM.
30-2021-01196267-CU-UD-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk.

UD-100

ATTORNEY OR PARTY WITHOUT ATTORNEY — STATE BAR NUMBER:
NAME: Shelley M. Crawford #219957
FIRM NAME: Kimball, Tirey & St. John LLP
STREET ADDRESS: 2040 Main Street, Suite 500
CITY: Irvine STATE: CA ZIP CODE: 92614
TELEPHONE NO.: (949) 476-5585 FAX NO.: (949) 476-5580
EMAIL ADDRESS: OCefiling@kts-law.com
ATTORNEY FOR (name): Plaintiff

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST
MAILING ADDRESS:
CITY AND ZIP CODE: SANTA ANA, CA 92701
BRANCH NAME: CENTRAL JUSTICE CENTER

PLAINTIFF: Brian Cross
DEFENDANT: Kenneth Whelan; Kathy Whelan
[X] DOES 1 TO 10 inclusive

**COMPLAINT - UNLAWFUL DETAINER***
[X] COMPLAINT [ ] AMENDED COMPLAINT (Amendment Number):

CASE NUMBER: 30-2021-01196267-CU-UD-CJC
Assigned for All Purposes
Judge Carmen Luege

Jurisdiction *(check all that apply):*
[ ] ACTION IS A LIMITED CIVIL CASE
Amount demanded [ ] does not exceed $10,000.
[ ] exceeds $10,000 but does not exceed $25,000.
[X] ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint *(check all that apply):*
[ ] from unlawful detainer to general unlimited civil (possession not in issue). [ ] from limited to unlimited.
[ ] from unlawful detainer to general limited civil (possession not in issue). [ ] from unlimited to limited.

1. *PLAINTIFF (name each):*
Brian Cross

*alleges causes of action against DEFENDANT (name each):*
Kenneth Whelan; Kathy Whelan

2. a. Plaintiff is (1) [X] an individual over the age of 18 years. (4) [ ] a partnership.
(2) [ ] a public agency. (5) [ ] a corporation.
(3) [ ] other *(specify):*

b. [ ] Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of *(specify):*

3. a. *The venue is the court named above because defendant named above is in possession of the premises located at (street address, apt. no., city, zip code, and county):*
118 19th St.
Huntington Beach, ORANGE County, CA 92648

b. The premises in 3a are *(check one)*
(1) [X] within the city limits of *(name of city):* Huntington Beach
(2) [ ] within the unincorporated area of *(name of county):*

c. The premises in 3a were constructed in *(approximate year):* unknown

4. Plaintiff's interest in the premises is [X] as owner [ ] other *(specify):*

5. The true names and capacities of defendants sued as Does are unknown to plaintiff.

*NOTE: Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

UD-100

| PLAINTIFF: Brian Cross<br>DEFENDANT: Kenneth Whelan; Kathy Whelan | CASE NUMBER: |
|---|---|

6. a. On or about *(date)*: 04/15/2016
*defendant (name each)*:
Kenneth Whelan; Kathy Whelan

(1) agreed to rent the premises as a ☐ month-to-month tenancy ☒ other tenancy *(specify)*: 1 Year
(2) agreed to pay rent of $ 5,500.00 payable ☒ monthly ☐ other *(specify frequency)*:
(3) agreed to pay rent on the ☒ first of the month ☐ other day *(specify)*:

b. This ☒ written ☐ oral agreement was made with
(1) ☐ plaintiff. (3) ☒ plaintiff's predecessor in interest.
(2) ☐ plaintiff's agent. (4) ☐ Other *(specify)*:

c. ☒ The defendants not named in item 6a are
(1) ☐ subtenants.
(2) ☐ assignees.
(3) ☒ Other *(specify)*: Unknown

d. ☐ The agreement was later changed as follows *(specify)*:

e. ☐ A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. *(Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)*

f. ☒ *(For residential property)* A copy of the written agreement is not attached because *(specify reason)*:
(1) ☐ *the written agreement is not in the possession of the landlord or the landlord's employees or agents.*
(2) ☒ *this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).*

7. The tenancy described in 6 *(complete (a) or (b))*

a. ☐ is not subject to the Tenant Protection Act of 2019 (Civil Code, § 1946.2). The specific subpart supporting why tenancy is exempt is *(specify)*:

b. ☒ is subject to the Tenant Protection Act of 2019.

8. *(Complete only if item 7b is checked. Check all applicable boxes.)*

a. ☒ The tenancy was terminated for at-fault just cause (Civil Code, § 1946.2(b)(1)).

b. ☐ The tenancy was terminated for no-fault just cause (Civil Code, § 1946.2(b)(2)) and the plaintiff *(check one)*

(1) ☐ waived the payment of rent for the final month of the tenancy, before the rent came due, under section 1946.2(d)(2), in the amount of $

(2) ☐ provided a direct payment of one month's rent under section 1946.2(d)(3), equaling $ to *(name each defendant and amount given to each)*:

c. ☐ Because defendant failed to vacate, plaintiff is seeking to recover the total amount in 8b as damages in this action.

9. a. ☒ Defendant *(name each)*: Kenneth Whelan; Kathy Whelan

was served the following notice on the same date and in the same manner:

(1) ☐ 3-day notice to pay rent or quit
(2) ☐ 30-day notice to quit
(3) ☐ 60-day notice to quit
(4) ☐ 3-day notice to quit
(5) ☐ 3-day notice to perform covenants or quit *(not applicable if item 7b checked)*
(6) ☐ 3-day notice to quit under Civil Code, § 1946.2(c)
Prior required notice to perform covenants served *(date)*:
(7) ☒ Other *(specify)*: 15-Day Pay/Quit - Transition

UD-100

| PLAINTIFF: Brian Cross<br>DEFENDANT: Kenneth Whelan; Kathy Whelan | CASE NUMBER: |
|---|---|

9. b. (1) On *(date)*: 04/02/2021 the period stated in the notice checked in 9a expired at the end of the day.
   (2) Defendants failed to comply with the requirements of the notice by that date.
   c. All facts stated in the notice are true.
   d. [X] The notice included an election of forfeiture.
   e. [X] A copy of the notice is attached and labeled Exhibit 2. *(Required for residential property. See Code Civ. Proc., § 1166. When Civil Code, § 1946.2(c), applies and two notices are required, provide copies of both.)*
   f. [ ] One or more defendants were served (1) with the prior required notice under Civil Code, § 1946.2(c), (2) with a different notice, (3) on a different date, or (4) in a different manner, as stated in Attachment 10c. *(Check item 10c and attach a statement providing the information required by items 9a–e and 10 for each defendant and notice.)*

10. a. [X] The notice in item 9a was served on the defendant named in item 9a as follows:
   (1) [ ] By personally handing a copy to defendant on *(date)*:
   (2) [ ] By leaving a copy with *(name or description)*:
   a person of suitable age and discretion, on *(date)*: at defendant's [ ] residence [ ] business AND mailing a copy to defendant at defendant's place of residence on *(date)*: because defendant cannot be found at defendant's residence or usual place of business.
   (3) [X] by posting a copy on the premises on *(date)*: 03/11/2021
   [X] ~~AND giving a copy to a person found residing at the premises~~ AND mailing a copy to defendant at the premises on *(date)*: 03/11/2021
   (a) [ ] because defendant's residence and usual place of business cannot be ascertained OR
   (b) [X] because no person of suitable age or discretion can be found there.
   (4) [ ] *(Not for 3-day notice; see Civil Code, § 1946, before using)* By sending a copy by certified or registered mail addressed to defendant on *(date)*:
   (5) [ ] *(Not for residential tenancies; see Civil Code, § 1953, before using)* In the manner specified in a written commercial lease between the parties
   b. [ ] *(Name)*:
   was served on behalf of all defendants who signed a joint written rental agreement.
   c. [ ] *Information about service of notice on the defendants alleged in item 9f is stated in Attachment 10c.*
   d. [ ] *Proof of service of the notice in item 9a is attached and labeled Exhibit 3.*

11. [ ] *Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.*

12. [X] *At the time the ~~3~~ 15-day notice to pay rent or quit was served, the amount of* **rent due** *was $* 27,500.00

13. [X] *The fair rental value of the premises is $* 183.33 per day.

14. [ ] *Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). (State specific facts supporting a claim up to $600 in Attachment 14.)*

15. [X] *A written agreement between the parties provides for attorney fees.*

16. [ ] *Defendant's tenancy is subject to the local rent control or eviction control ordinance of (city or county, title of ordinance, and date of passage):*

Plaintiff has met all applicable requirements of the ordinances.

17. [ ] *Other allegations are stated in Attachment 17.*

18. Plaintiff accepts the jurisdictional limit, if any, of the court.

UD-100

| PLAINTIFF: Brian Cross<br>DEFENDANT: Kenneth Whelan; Kathy Whelan | CASE NUMBER: |
|---|---|

19. PLAINTIFF REQUESTS

a. possession of the premises.
b. costs incurred in this proceeding:
c. [X] past-due rent of $ 27,500.00
d. [X] reasonable attorney fees.
e. [X] forfeiture of the agreement.
f. [ ] damages in the amount of waived rent or relocation assistance as stated in item 8: $
g. [X] damages at the rate stated in item 13 from *(date)*: 03/01/2021 for each day that defendants remain in possession through entry of judgment.
h. [ ] statutory damages up to $600 for the conduct alleged in item 14.
i. [ ] other *(specify)*:

20. [X] Number of pages attached *(specify)*: 6

**UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code, §§ 6400-6415)**

21. [X] *(Complete in all cases.)* An unlawful detainer assistant [X] did not [ ] did for compensation give advice or assistance with this form. *(If declarant has received any help or advice for pay from an unlawful detainer assistant, complete a–f.)*

a. Assistant's name:
b. Street address, city, and zip code:
c. Telephone no.:
d. County of registration:
e. Registration no.:
f. Expires on *(date)*:

Date: 04/14/2021

Shelley M. Crawford, Bar #219957 ▶ /s/ Shelley M. Crawford

(TYPE OR PRINT NAME) (SIGNATURE OF PLAINTIFF OR ATTORNEY)

**VERIFICATION**

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶ See attached verification

(TYPE OR PRINT NAME) (SIGNATURE OF PLAINTIFF)

CEB | Essential Forms

21-3204347

**VERIFICATION**

I, Catherine Yutuc, declare that:

That I am the Agent for Brian Cross, the Plaintiff in this action, and am authorized to make this Verification for and on its behalf. I am making this Verification for the Plaintiff because I am the person with the most personal knowledge of the facts contained in this Complaint.

I have read the contents of the foregoing Complaint and the same is true of my own knowledge, except as to those matters stated on information and belief, and as to those, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 16th of April 2021, at Costa Mesa California.

[signature]

Catherine Yutuc,
Authorized Agent for Plaintiff

GENUINE
PROPERTY MANAGEMENT

# NOTICE TO PAY RENT OR QUIT
# OR DELIVER DECLARATION OF COVID-19 FINANCIAL HARDSHIP
# HIGH INCOME TENANT

*(Rent Owed for the Transition Time Period pursuant to the Covid-19 Tenant Relief Act)*

To: Kenneth Whelan & Kathy Whelan
and all other in possession of the premises located at: 118 19th street Huntington Beach, CA 92648

WITHIN FIFTEEN (15) DAYS, excluding Saturdays and Sundays and other judicial holidays, after the service on you of this notice, you are hereby required to do one of the following you are **hereby required to do one of the following,** or legal proceedings will be instituted against you to declare the forfeiture of the lease or rental agreement under which you occupy the hereinbelow described property and to recover possession of said premises, to recover all rent past due, court costs and attorneys' fees as permitted by law, and possible additional statutory damages of up to SIX HUNDRED DOLLARS ($600.00) in accordance with California Code of Civil Procedure Section 1174(b), as a result of your failure to comply with the terms of this notice:

(1) **Pay the delinquent rent for the premises described herein, of which you now hold possession, as follows; OR**

| Date Amount Became Due | Amount | Declaration Received |
|---|---|---|
| September 1, 2020 | | Yes |
| October 1, 2020 | $ 5,500.00 | |
| November 1, 2020 | $ 5,500.00 | |
| December 1, 2020 | $ 5,500.00 | |
| January 1, 2021 | $ 5,500.00 | |
| February 1, 2021 | $ 5,500.00 | |

Total Delinquent Rent : $ 27,500.00

This notice does not demand rent or other payments owed prior to September 1, 2020 and Landlord reserves the right to pursue those amounts in a separate action.

Payment must be delivered as follows:

□ By mail to: 1922 Placentia ave Unit 1, Costa Mesa, CA 92627

□By delivering in person to: 1922 Placentia ave Unit 1 Costa Mesa, CA 92627 between the hours of 9:00 AM and 5:00 PM on the following days of the week Monday through Friday.

□To the 24-hour drop box located at the on-site rental office

□By electronic funds transfer procedure previously established

Name of an Agent for Landlord: Genuine Property Management Telephone Number: 949-209-9494

(2) **Deliver up possession of the premises described herein to Genuine Property Management or Owner, who is authorized to receive the same; OR**

(3) **Deliver a signed declaration of a COVID-19-related financial distress to the landlord AND provide documentation supporting your claim as set forth below AND, on or before June 30, 2021 pay an amount that equals at least 25 percent of each payment that came due or will come due during the period between September 1, 2020, and June 30, 2021.** *You are hereby advised that you will not be evicted for failure to comply with this Notice, except as allowed by the Covid-19 Tenant Relief Act of 2020, if you deliver a signed declaration of COVID-19-related financial distress to the landlord along with the supporting documentation on or before the date this Notice expires, by any of the methods specified in subdivision (f) of Section 1179.03 of the California Code of Civil Procedure.* A declaration of COVID-19 related financial distress is attached to this Notice for you to sign and return. You may deliver the declaration to the same address and in the same manner you deliver payment to your landlord (excluding electronic fund transfer) or

☐

- ☐ Fax to: 949-231-1495
- ☐ Email to: Care@GenuineManaged.com
- ☐ Mail or in-person delivery to:
  - ☐ 1922 Placentia ave unit I Costa Mesa, CA 92627

**NOTICE TO HIGH INCOME TENANT**
**PER SUBDIVISION (d) OF SECTION 1179.03 OF THE CODE OF CIVIL PROCEDURE**

Proof of income on file with your landlord indicates that your household makes at least 130 percent of the median income for the county where the rental property is located, as published by the Department of Housing and Community Development in the Official State Income Limits for 2020. As a result, if you claim that you are unable to pay the amount demanded by this notice because you have suffered COVID-19-related financial distress, you are required to submit to your landlord documentation supporting your claim together with the completed declaration of COVID-19-related financial distress provided with this notice. If you fail to submit this documentation together with your declaration of COVID-19-related financial distress, and you do not either pay the amount demanded in this notice or deliver possession of the premises back to your landlord as required by this notice, you will not be covered by the eviction protections enacted by the California Legislature as a result of the COVID-19 pandemic, and your landlord can begin eviction proceedings against you as soon as this 15-daynotice expires.

NOTICE FROM THE STATE OF CALIFORNIA: If you are unable to pay the amount demanded in this notice, and have decreased income or increased expenses due to COVID-19, you may sign and deliver the declaration form included with your notice to your landlord within 15 days, excluding Saturdays, Sundays, and other judicial holidays, and your landlord will not be able to evict you for this missed payment so long as you make the minimum payment (see below). You will still owe this money to your landlord. You should keep a copy or picture of the signed form for your records.

If you provide the declaration form to your landlord as described above AND, on or before June 30, 2021, you pay an amount that equals at least 25 percent of each rental payment that came due or will come due during the period between September 1, 2020, and June 30, 2021, that you were unable to pay as a result of decreased income or increased expenses due to COVID-19, your landlord cannot evict you. Your landlord may require you to submit a new declaration form for each rental payment that you do not pay that comes due between September 1, 2020, and June 30, 2021.

If you were unable to pay any of the rental payments that came due between September 1, 2020, and June 30, 2021, and you provided your landlord with the declarations in response to each 15-day notice your landlord sent to you during that time period, your landlord could not evict you if, on or before June 30, 2021, you paid your landlord an amount equal to 25 percent of all the rental payments due from September 2020 through June 2021.

You will still owe the full amount of the rent to your landlord, but you cannot be evicted from your home if you comply with these requirements. You should keep careful track of what you have paid and any amount you still owe to protect your rights and avoid future disputes. Failure to respond to this notice may result in an unlawful detainer action (eviction) being filed against you.

YOU MAY QUALIFY FOR RENTAL ASSISTANCE. In addition to extending these eviction protections, the State of California, in partnership with federal and local governments, has created an emergency rental assistance program to assist renters who have been unable to pay their rent and utility bills as a result of the COVID-19 pandemic. This program may be able to help you get caught up with past-due rent. Additionally, depending on the availability of funds, the program may also be able to assist you with making future rental payments.

While not everyone will qualify for this assistance, you can apply for it regardless of your citizenship or immigration status. There is no charge to apply for or receive this assistance.

Additional information about the extension of the COVID-19 Tenant Relief Act and new state or local rental assistance programs, including more information about how to qualify for assistance, can be found by visiting http://housingiskey.com or by calling 1-833-422-4255.

Dated: 3/11/2021

By: [signature]
Agent for Landlord/Owner

If you fail to perform or otherwise comply with this Notice, the Owner/Agent does hereby elect to declare the forfeiture of your Rental Agreement under which you hold possession of the above-described premises.



**Declaration of COVID-19-related financial distress**

TO:

I am currently unable to pay my rent or other financial obligations under the lease in full because of one or more of the following:

- ☐ 1. Loss of income caused by the COVID-19 pandemic.
- ☐ 2. Increased out-of-pocket expenses directly related to performing essential work during the COVID-19 pandemic.
- ☐ 3. Increased expenses directly related to health impacts of the COVID-19 pandemic.
- ☐ 4. Childcare responsibilities or responsibilities to care for an elderly, disabled, or sick family member directly related to the COVID-19 pandemic that limit my ability to earn income.
- ☐ 5. Increased costs for childcare or attending to an elderly, disabled, or sick family member directly related to the COVID-19 pandemic.
- ☐ 6. Other circumstances related to the COVID-19 pandemic that have reduced my income or increased my expenses.

Any public assistance, including unemployment insurance, pandemic unemployment assistance, state disability insurance (SDI), or paid family leave, that I have received since the start of the COVID-19 pandemic does not fully make up for my loss of income and/or increased expenses.

Signed under penalty of perjury:

Date: ____________________
Signature*
BY:____________________
(Print Name)
*Only one adult member of the household needs to sign and deliver this Declaration to the Landlord.

Electronically Filed by Superior Court of California, County of Orange, 04/19/2021 11:58:33 AM.
30-2021-01196257-CU-UD-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk.

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Shelley M. Crawford #219957
Kimball, Tirey & St. John LLP
2040 Main Street, Suite 500
Irvine, CA 92614
TELEPHONE NO.: (949) 476-5585 FAX NO.: (949) 476-5580
ATTORNEY FOR (Name): Plaintiff

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST
MAILING ADDRESS:
CITY AND ZIP CODE: SANTA ANA, CA 92701
BRANCH NAME: CENTRAL JUSTICE CENTER

CASE NAME: Cross v. Whelan

**CIVIL CASE COVER SHEET**
[X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less)

**Complex Case Designation**
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 30-2021-01196257-CU-UD-CJC
JUDGE: Judge Carmen Luege
DEPT.:

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[X] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify)*: 2
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 04/14/2021

Shelley M. Crawford, Bar #219957
(TYPE OR PRINT NAME)

/s/ Shelley M. Crawford
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] CEB Essential Forms
CIVIL CASE COVER SHEET
Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov
21-3204347

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)-Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice- Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach-Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case-Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ-Administrative Mandamus
  - Writ-Mandamus on Limited Court Case Matter
  - Writ-Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal-Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400-3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief from Late Claim
  - Other Civil Petition

**PROOF OF SERVICE**

I am over 18 years of age and not a party to the within action; my business address is 2559 S. Sepulveda Bl. #1, Los Angeles CA 90064, jeremy@caltenantlaw.com

On 6/21/21, I served a true copy of:

**Notice of Removal** to:

Shelley Crawford
Kimball, Tirey & St. John LLP
2040 Main St., #500
Irvine CA 92614
OCefiling@kts-law.com

by:

☑ ELECTRONICALLY. The document was served electronically under CCP § 1013b.

☑ AS FOLLOWS. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited within U. S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date of postage meter date is more than one day after the date of deposit for mailing in affidavit.

I certify under penalty of perjury, under the laws of the State of California and the United States that the foregoing is true and correct.

Executed on 6/21/21 at Los Angeles, CA.

Jeremy Cook,

Declarant