JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN CROSS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>KENNETH WHELAN and KATHY WHELAN,<br><br>　　　　　Defendants. | Case No. 8:21-CV-01083 JLS (KESx)<br><br>ORDER REMANDING CASE TO STATE COURT |

**I.**

**BACKGROUND**

On April 14, 2021, Brian Cross ("Plaintiff") brought an action for unlawful detainer against Kenneth and Kathy Whelan ("Defendants") in Superior Court of California, County of Orange (case number 30-3021-01106267-CU-UD-CJC). (Dkt. 1 at 6–9.) The complaint alleges that Defendants are in unlawful possession of the premises located at 118 19th Street in Huntington Beach, California (the "Property") due to their failure to pay rent of $5,500/month since October 2020. (Id. at 18.) On June 22, 2021, Defendants filed a Notice of Removal removing this unlawful detainer to federal court. (Id. at 1–5.) The Court sua sponte REMANDS

this action to the Superior Court of California, County of Orange, for lack of subject matter jurisdiction, as set forth below.

## II.
## DISCUSSION

"The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002) (citation omitted). Where Congress has acted to create a right of removal, those statutes are strictly construed against removal jurisdiction. Id.; accord Nevada v. Bank of Am. Corp., 672 F.3d 661, 667 (9th Cir. 2012).

Unless otherwise expressly provided by Congress, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a); accord Dennis v. Hart, 724 F.3d 1249, 1252 (9th Cir. 2013). The removing defendant bears the burden of establishing federal jurisdiction. Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 682 (9th Cir. 2006). "Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts." Syngenta Crop Prot., 537 U.S. at 33. Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and … the district court must remand if it lacks jurisdiction." Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "It is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court." Emrich v. Touche Ross & Co., 846 F.2d

1190, 1194 n.2 (9th Cir. 1988); accord Carolina Cas. Ins. Co. v. Team Equip., Inc., 741 F.3d 1082, 1086 (9th Cir. 2014).

A. **Federal Question Jurisdiction.**

The underlying action is an unlawful detainer proceeding, arising under and governed by the laws of the State of California. The state-court complaint does not include any claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Nevertheless, Defendants contend that they are protected by the CARES Act from Plaintiff's unlawful detainer action. (Dkt. 1 at 1–5.) "On March 27, 2020, the federal government enacted the Coronavirus Aid, Relief, and Economic Security Act ('CARES Act')." Saso v. Genho, No. 21-CV-02030, 2021 WL 1530215, at *2, 2021 U.S. Dist. LEXIS 78588, at *5 (N.D. Cal. Apr. 19, 2021) (citation omitted). "The CARES Act provided numerous forms of relief, including a prohibition against new eviction cases filed by housing providers who participate in certain federal housing rental programs on the basis of non-payment of rent." Id., 2021 U.S. Dist. LEXIS 78588, at *5 (citation omitted).

However, federal defenses or federal counterclaims do not provide a basis to remove an action that does not otherwise establish federal jurisdiction. "[T]he existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." ARCO Envtl. Remediation, L.L.C. v. Dept. of Health and Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000); accord City of Oakland v. BP PLC, 960 F.3d 570, 577 (9th Cir.), opinion amended and superseded on other grounds on denial of reh'g, 969 F.3d 895 (9th Cir. 2020), and cert. denied sub nom. Chevron Corp. v. Oakland, CA, No. 20-1089, 2021 WL 2405350, 2021 U.S. LEXIS 3100 (U.S. June 14, 2021). Indeed, "it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Caterpillar Inc. v. Williams, 482 U.S. 386, 393,

(1987); see Berg v. Leason, 32 F.3d 422, 426 (9th Cir. 1994), as amended (Sept. 7, 1994) ("neither an affirmative defense based on federal law, nor one based on federal preemption renders an action brought in state court removable") (citations omitted).

Here, to the extent Defendants are raising the CARES Act as a defense to the unlawful detainer action, "a case may not be removed to federal court on the basis of a federal defense." Caterpillar, 482 U.S. at 393. Thus, there is no basis for federal question jurisdiction. "This conclusion is consistent with the decisions of numerous other district courts within the Ninth Circuit that have remanded unlawful detainer actions for lack of federal jurisdiction despite the defendant's assertion of rights under the CARES Act …." Saso, 2021 WL 1530215, at *2, 2021 U.S. Dist. LEXIS, at *6 (collecting cases).

**B.     Diversity Jurisdiction.**

There is also no basis for diversity jurisdiction. Every defendant is not alleged to be diverse from every plaintiff. 28 U.S.C. § 1332(a). Defendants do not purport to remove this action based on diversity. (Cf. Dkt. 1 at 2 ["Plaintiff has actually filed a Federal Question action in State Court, for which the State Court action is removed under 28 U.S.C. § 1441."].).

**C.     Jurisdiction Under 28 U.S.C. § 1443.**

Section 1443(1) permits a defendant in state cases to remove the proceedings to the federal district courts when a defendant is "denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens in the United States." In order to successfully remove, the defendant must satisfy a two-prong test: (1) the rights allegedly denied must arise under a federal law providing for specific civil rights stated in terms of racial equality; and (2) the defendant must be denied or unable to enforce the rights in state courts. Johnson v. Mississippi, 421 U.S. 213, 219 (1975); accord ASAP Copy & Print v. Canon Bus. Sols., Inc., 643 F. App'x 650, 652 (9th Cir. 2016). Under the first prong,

constitutional or statutory provisions of general applicability or under statues not protecting against racial discrimination will not suffice. Johnson, 421 U.S. at 219. Under the second prong, a defendant's federal rights are left to the state courts except in rare situations where it can be clearly predicted that those rights will inevitably be denied by the very act of bringing the defendant to trial in state court. Id. at 219–20.

      Defendants do not assert § 1443 in support of removal. Nor do they identify any specific California statute or constitutional provision that commands the state courts to ignore their federal rights. See Patel v. Del Taco, Inc., 446 F.3d 996, 998 (9th Cir. 2006) (A petition for removal "must assert that the state courts will not enforce [a specified federal] right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.") (citation omitted); HSBC Bank USA v. Kubik, No. 2:13-1692 SVW-SH, 2013 WL 1694670, at *3, 2013 U.S. Dist. LEXIS 56023, at *7 (C.D. Cal.Apr.16, 2013) ("Defendant Kubik does not, and cannot, identify any California state law or constitutional provision that commands state courts to ignore an amendment to the U.S. Constitution."). Consequently, removal is not proper under § 1443(1).

# III.
# CONCLUSION

This Court does not have subject matter jurisdiction over this case. IT IS THEREFORE ORDERED that this matter be REMANDED to the Superior Court of the State of California for the County of Orange.

DATED: June 24, 2021

                                    *JOSEPHINE L. STATON*
                                    _____
                                    JOSEPHINE L. STATON
                                    UNITED STATES DISTRICT JUDGE

Presented by:

*/s/ Karen E. Scott*
_____
KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE